AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## District of Utah Central Division

UNITED STATES OF AMERICA
v.
**Ronald D. Fisher**

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)
Case Number: 2:96CR00103-001

Robert Booker & Christopher Beck
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  8,24,25, and 28 of Superseding Indictment

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1344 (1) | False Statements to a Financial Institution | 07/02/1997 | |
| 18 U.S.C. § 1343 | Wire Fraud | 07/02/1997 | |
| 49 U.S.C. § 46306 (b)(7) | Serving As Airman Without Airman's Certificate | 07/02/1997 | |

See Additional Counts of Conviction - Page
The defendant is sentenced as provided in pages 2 through _____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  1-7s,9-23s,26s & 27s  (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 09/09/1954
Defendant's USM No.: 05935-081
Defendant's Residence Address:
1661 North 500 East

Orem                UT       84057

Defendant's Mailing Address:
1661 North 500 East

Orem     Entered on docket 12/23/98 by: [signature] Deputy Clerk     UT     84057

12/22/1998
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

**David Sam**
**Chief Judge District Court**
Name & Title of Judicial Officer

December 23, 1998
Date

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

Judgment-Page 2 of 9

DEFENDANT: Ronald D. Fisher
CASE NUMBER: 2:96CR00103-001

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 3146 (a)(1) | Failure to Appear | 07/02/1997 | 28 |

Judgment-Page __3__ of __9__

DEFENDANT: **Ronald D. Fisher**
CASE NUMBER: **2:96CR00103-001**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __137__ month(s).

☒ The court makes the following recommendations to the Bureau of Prisons:

**That the defendant receive drug/alcohol counseling and be housed in the Stafford, Arizona facility.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ a.m./p.m. on _____.

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____.

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

Case 2:96-cr-00103-TC Document 103 Filed 12/23/98 PageID.6 Page 4 of 10
AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

Judgment-Page 4 of 9

DEFENDANT: Ronald D. Fisher
CASE NUMBER: 2:96CR00103-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 year(s).

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

**See Special Conditions of Supervision - Page 5**

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: Ronald D. Fisher
CASE NUMBER: 2:96CR00103-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall refrain from incurring new credit charges or opening additional lines of credit unless he is in compliance with the established payment schedule and obtains the approval of the U.S. District Court;
2. The defendant shall provide the Probation Officer access to all requested financial information;
3. The defendant shall abide by the following occupational or vocational restrictions: The dft is prohibited from piloting an aircraft, from working in the airline industry, or any related business, and from applying for or otherwise obtaining a pilot's license, in any form;
4. The defendant shall participate in drug and/or alcohol aftercare treatment under a co-payment plan, as directed by the U.S.Probation Office;
5. The defendant shall submit to drug and/or alcohol testing, as directed by the U.S.Probation Office and contribute a $70 fee to partially defer the cost of collection and testing;
6. The defendant shall not use or possess alcohol;
7. The defendant shall file all delinquent income tax returns with the IRS case investigator within 120 days from the date of his release from custody;
8. The defendant shall establish a payment schedule with the IRS for the payment of any delinquent tax obligations within 180 days from the date of release from custody;
9. The defendant t shall not be self-employed and shall maintain full-time, verifiable employment or participate in academic or vocational development throughout the term of supervision, as deemed appropriate by the United States Probation Office; and
10. The defendant shall submit his person, residence, office, or vehicle to a search, conducted by a U.S.Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the dft shall warn any other residents that the premises may be subject to searches pursuant to this condition.


Additionally, the Court orders that the defendant submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter, as directed by the probation officer, in addition to any other testing requirements ordered by the Court.

Case 2:96-cr-00103-TC   Document 103   Filed 12/23/98   PageID.8   Page 6 of 10
AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page  6  of  9

DEFENDANT: Ronald D. Fisher
CASE NUMBER: 2:96CR00103-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 400.00 | $ | $ 2,316,722.06 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such a determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| U.S. Bancorp | | $67,483.37 | |
| Provo Finance LLC | | $520,000.00 | |
| CUMIS | | $1,257,722.80 | |
| Account No. 29466538200001  U.S. Bank | | $121,515.89 | |
| See Additional Restitution Payees - Page 7 | Totals: $ | $ 2,316,722.06 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page  7  of  9

DEFENDANT: Ronald D. Fisher
CASE NUMBER: 2:96CR00103-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Mr. & Mrs. Kapelow | | $350,000.00 | |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties
Case 2:96-cr-00103-TC   Document 103   Filed 12/23/98   PageID.10   Page 8 of 10

Judgment-Page  8  of  9

DEFENDANT: **Ronald D. Fisher**
CASE NUMBER: **2:96CR00103-001**

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   [X] in full immediately; or

B   [ ] $ _____ immediately, balance due (in accordance with C, D, or E); or

C   [ ] not later than _____ ; or

D   [ ] in installments to commence ___ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   [ ] in _____ *(e.g. equal, weekly, monthly, quarterly)* installments of $ _____ over a period of ___ year(s) to commence ___ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**$400 VAF is due immediately. Restitution payments are to be paid at a minimum rate of $500 per month, or as otherwise directed by the United States Probation Office. While in Bureau of Prisons' custody, the defendant shall contribute one-half of his earnings to the payment of restitution.**

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

Case 2:96-cr-00103-TC   Document 103   Filed 12/23/98   PageID.11   Page 9 of 10
AO 245B (Rev. 8/96) Sheet 6 - Statement of Reasons

Judgment-Page 9 of 9

DEFENDANT: Ronald D. Fisher
CASE NUMBER: 2:96CR00103-001

# STATEMENT OF REASONS

[X] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: **25**

Criminal History Category: **VI**

Imprisonment Range: **110-137 Months**

Supervised Release Range: **3 - 5 Years**

Fine Range: $ **10,000.00** to $ **1,000,000.00**

[X] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $

[ ] Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

[ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the forseeable future under any reasonable schedule of payments.

Partial restitution is ordered for the following reason(s):

[ ] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

[ ] The sentence departs from the guideline range:

[ ] upon motion of the government, as a result of defendant's substantial assistance.

[ ] for the following specific reason(s):

ksj

United States District Court
for the
District of Utah
December 23, 1998


* * MAILING CERTIFICATE OF CLERK * *


Re: 2:96-cr-00103


True and correct copies of the attached were mailed by the clerk to the following:

Scott Jay Thorley, Esq.
US ATTORNEYS OFFICE - UTAH
,
JFAX 9,5245985

Robert L. Booker, Esq.
BOOKER & ASSOCIATES
349 S 200 E STE 550
SALT LAKE CITY, UT  84111
JFAX 9,5210664

USMS
DISTRICT OF UTAH
,
JFAX 9,5245134

US Probation
DISTRICT OF UTAH
,
JFAX 9,5261136